**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**JAKIA WILLIAMS, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**

***Plaintiff,***

**v.**

**VISIONQUEST NATIONAL, LTD.**

***Defendant.***

**Civil No. ___________**

## COLLECTIVE ACTION COMPLAINT

Jakia Williams ("Plaintiff"), individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b), upon personal knowledge as to herself, and upon information and belief as to other matters, brings suit against VisionQuest National, Ltd. ("VisionQuest" or "Defendant") to recover compensation, liquidated damages, attorneys' fees, and costs under Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA").

### I. PRELIMINARY STATEMENT

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") by Plaintiff, on behalf of herself and all others similarly-situated. *See* 29 U.S.C. § 216(b). The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All persons who worked for Defendant as hourly employees who were not paid for all hours worked over forty (40) hours in a workweek at any time during the three years prior to the filing of this lawsuit.**

2. Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long

hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, the prohibition of more than forty (40) hours in a single workweek without the payment of a premium or "overtime," as well as other protections for employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discouraged working employees for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

3. Plaintiff and Class Members are those persons who are current and former non-exempt Case Managers and other employees who worked for Defendant and were not paid overtime at one-and-one-half their regular rate for all hours worked over forty (40) in each workweek[1].

4. This is an action to recover overtime compensation on behalf of Plaintiff and Class Members. Plaintiff and Class Members routinely worked in excess of forty (40) hours in each workweek.

5. Plaintiff and Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.

6. Plaintiff was paid on an hourly basis.

7. Throughout her employment, Defendant would shave or reduce Plaintiff's reported hours, resulting in underpayment of Plaintiff's regular and overtime hours.

8. Defendant knowingly and deliberately committed violations of the FLSA by

[1] Whenever the term "workweek" is used in this Complaint, it shall carry the meaning assigned to it in *29 C.F.R. 778.105* ("a fixed and regularly recurring period of 168 hours – seven consecutive 24-hour periods. It need not coincide with the calendar week but can begin on any day and at any hour of the day.")

shaving or reducing the hours of its hourly employees to avoid or minimalize Defendant's obligation to pay Plaintiff and Class Members overtime compensation when they worked over forty (40) hours in a workweek.

9. Accordingly, Plaintiff and Class Members bring this collective action to recover all unpaid overtime, liquidated damages, attorneys' fees, and costs under Section 216(b) of the FLSA.

10. Plaintiff also prays that all similarly situated workers (Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II. PARTIES

11. Plaintiff Jakia Williams, an individual, was employed by Defendant beginning on or about November 12, 2017 and is presently still employed. After filing this Complaint, Ms. Williams will immediately file her signed consent to become a party-plaintiff under the FLSA.

12. Class Members are those current and former employees who were employed by Defendant at any time during the past three (3) years and have been subjected to the same illegal pay system under which Plaintiff worked and was paid —specifically, all other employees who Defendant did not pay time-and-one-half for all hours worked over forty (40) in a single workweek.

13. Defendant VisionQuest National, Ltd. is an entity created under the laws of Arizona and is authorized to do business in the State of Texas. VisionQuest National, Ltd. can be served with process by serving its registered agent, Paracorp Incorporated, 3610-2 N. Josey Lane, Suite 223, Carrollton, Texas 75007.

## III. JURISDICTION AND VENUE

14. This Court has federal question jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 216(b) and 28 U.S.C. §§ 1331, 1337.

15. This Court has personal jurisdiction over the parties because Defendant is doing business in Texas and employing Texas residents (including Plaintiff) to work at Defendant's Texas business locations.

16. Venue is proper in this district under 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV. FLSA COVERAGE

17. At all times hereinafter mentioned, Plaintiff and Class Members were employees of Defendant as that term is defined by the FLSA.

18. At all times hereinafter mentioned, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

19. At all times mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all times mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level, which are separately stated).

22. First, during their employment with Defendant, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce

as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993).

23. Specifically, Plaintiff and Class Members are non-exempt employees engaged in interstate commerce. Further, Plaintiff and Class Members have handled materials and goods that have been moved or produced in interstate commerce, which Defendant purchased or used in its business operation.

## V. FACTS

24. Defendant employed Plaintiff and Class Members as Case Managers.

25. The primary function of Defendant's business is to provide intervention services to at-risk youth and families by offering residential programs, community-based programs, mental health and substance abuse services, foster care, and counseling or therapy related to problems involving these at-risk youth and families.

26. To provide its services, Defendant employ Case Managers, such as Plaintiff and Class Members, who are expected to take an active role in the development of and fostering of therapeutic relationships between youth and staff to provide for effective treatment.

27. Specifically, Plaintiff and Class Members were required to engage in client interaction and case management inherent to the programs and services provided by Defendant by identifying, evaluating, clarifying and communicating issues as they relate to placing agency, parents and youth.

28. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) for the year 2015.

29. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) for the year 2016.

30. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) for the year 2017.

31. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax), cumulatively, encompassing the four (4) quarters preceding the filing of this lawsuit.

32. Defendant employed Plaintiff and Class Members for hours longer than forty (40) hours in a workweek. During their employment, Plaintiff and Class Members regularly worked more than forty (40) hours in workweeks during the three-year period preceding the filing of this lawsuit.

33. Defendant classifies Plaintiff and Class Members as non-exempt hourly employees. To be sure, Defendant pay Plaintiff and Class Members on an hourly basis.

34. In fact, Defendant compensates Plaintiff and Class Members at one-and-one-half their hourly rate for *some* of the hours worked over forty (40) in a single workweek.

35. Defendant classifies Plaintiff and Class Members as hourly employees and in fact has compensated them at one-and-one-half their hourly rate for *some* of the hours they worked over forty (40) in a workweek.

36. However, Defendant did not compensate Plaintiff and Class Members for all hours worked over forty (40) in each workweek. Defendant paid Plaintiff and Class Members on an hourly basis but shaved or reduced the hours reflected on their time cards to avoid or minimize payment of overtime compensation.

37. For instance, Defendant did not compensate Plaintiff and Class Members for all hours worked. Plaintiff and Class Members are routinely on-call and work long hours outside of the Defendant's place of business – regularly making on-site visits.

38. In addition to not paying for on-call hours, Defendant regularly engages in the illegal practice of "time shaving." In other words, Defendant pays Plaintiff and Class Members an hourly wage based upon the number of hours worked after Defendant has reduced the actual amount of time Plaintiff and Class Members worked and reported to Defendant.

39. Defendant's practice of not paying Plaintiffs and Class Members for all hours worked has resulted in Defendant's unlawful failure to pay Plaintiff and Class Members time-and-one-half their regular rate for *all* the hours worked over forty (40) in a single workweek.

40. Defendant maintained control, oversight, and direction over its operations, including employment practices.

41. Defendant maintained and exercised the power to hire, fire, and discipline Plaintiff and Class Members during their employment with Defendant.

42. Plaintiff and Class Members were required to comply with Defendant's policies and procedures in performing their work during their employment with Defendant.

43. At all times relevant hereto, Defendant knew of, approved of, and benefited from the regular and overtime work of Plaintiff and Class members.

44. During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under a similar payment scheme as used to compensate Plaintiff.

45. Defendant employed Plaintiff and Class Members within the three (3) year period preceding the filing of this lawsuit and did not pay Plaintiff and Class Members for all hours worked over forty (40) in a workweek.

46. Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

47. Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

48. Defendant is an employer subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that it failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendant failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., all hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

49. During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under a similar payment scheme as was used to compensate Plaintiff.

## VI. COLLECTIVE ACTION ALLEGATIONS

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. Plaintiff brings this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). Other employees have been victimized by the pattern, practice, and policy of Defendant that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendant has been imposed on other workers. Therefore, in addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly-situated former and current employees of Defendant.

52. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All persons who worked for Defendant as hourly employees who were not paid for all hours worked over forty (40) hours in a workweek at any time during the three years prior to the filing of this lawsuit.**

53. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

54. Plaintiff, individually and on behalf of all similarly-situated employees, seeks relief on a collective basis challenging Defendant's failure to pay employees overtime compensation for all hours worked over forty (40) in a workweek.

55. Plaintiff is aware of other employees who work for Defendant who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on the Class Members.

56. Plaintiff and the Class Members have the same pay structure and have similar job duties. Plaintiff and Class Members are all victims of Defendant's unlawful practices.

57. Plaintiff and the Class Members are all non-exempt for purposes of overtime pay under the FLSA. Defendant paid Plaintiff and Class Members on an hourly basis and suffered and permitted them to work more than forty (40) hours in workweeks covered by this lawsuit. However, Defendant did not pay Plaintiff and Class Members for all hours worked over forty (40) in workweeks covered by this lawsuit. Plaintiff and Class Members were all subjected to Defendant's time shaving scheme and failure to pay for all hours worked over forty (40) in each workweek.

58. Defendant's operations and compensation policies with respect to Plaintiff and Class Members are substantially similar, if not identical. Defendant's pattern and practice of

shaving time and not paying for all hours worked to avoid the FLSA's overtime obligations as mandated under the FLSA results from Defendant's general application of policies and practices and does not depend on the personal circumstances of Plaintiff and Class Members. Plaintiff's experience regarding pay is typical of the experiences of the Class Members.

59. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of wrongful conduct caused harm to Plaintiff and the Class Members that supports Defendant's FLSA liability.

60. Plaintiff requests that Defendant identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

61. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by the undersigned Plaintiff's counsel as required by 29 U.S.C. § 216(b).

62. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

63. Plaintiff will fairly and adequately represent and protect the interests of the Class members who opt into this action.

## VII. CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

64. The foregoing paragraphs are fully incorporated herein.

65. Plaintiff and Class Members are all non-exempt employees for purposes of overtime pay under the FLSA. As non-exempt employees under the FLSA, if Plaintiff and Class Members worked over forty (40) hours in a workweek, they were entitled to overtime pay.

66. Over the course of the relevant period, Plaintiff and Class Members routinely worked in excess of forty (40) hours in workweeks covered by this lawsuit.

67. Even though Plaintiff and Class Members worked in excess of forty (40) hours in workweeks covered by this lawsuit, Defendant failed to pay them overtime compensation for all hours worked in excess of forty (40) hours per workweek.

68. Defendant has violated 29 U.S.C. § 201 et seq. by failing to pay Plaintiff and Class Members overtime premiums for all hours worked over forty (40) hours per workweek.

69. During the relevant period, Defendant has violated and is violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiff and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at a rate of not less than one and one-half times the regular rate for every hour worked over forty (40) in a workweek. Plaintiff and Class Members' regular rate must include all compensation, bonuses, and other remuneration paid by Defendant for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

70. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendant, Plaintiff, or Class Members.

71. In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the true number of hours worked per workweek by Plaintiff and Class Members. No excuse, legal justification or exemption excuses Defendant's failure to pay

Plaintiff and Class Members overtime compensation for all hours worked over forty (40) hours in a workweek.

72. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

73. Plaintiff and Class Members seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorneys' fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII. JURY DEMAND

74. Plaintiffs requests a trial by jury.

## IX. DAMAGES SOUGHT

75. Plaintiff and Class Members are entitled to recover compensation for the hours worked over forty (40) hours in each workweek, but for which Plaintiff and Class Members were not paid at one-and-one-half times their regular rate. The regular rate shall include all remuneration received, including all bonuses.

76. Plaintiff and Class Members are also entitled to an amount equal to all of the unpaid wages and fees as liquidated damages as Defendant's actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

77. Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## X. PRAYER

78. For these reasons, Plaintiff and Class Members respectfully request that judgment

be entered in their favor, against Defendant, awarding Plaintiff and Class Members the following relief:

a. For an Order pursuant to Section 216(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join in the suit); and

b. For an Order pursuant to Section 216(b) of the FLSA finding Defendant liable for Plaintiff (and those who may join in the suit) attorneys' fees and costs; and

c. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

d. For an Order granting such other and further relief, at law or in equity, as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*

Drew N. Herrmann
Texas Bar No. 24086523
*drew@herrmannlaw.com*
Pamela G. Herrmann
Texas Bar No. 24104030
*pamela@herrmannlaw.com*

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
Phone: 817-479-9229
Fax: 817-887-1878
ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS